**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| SHIRLEY A. CLARK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **CIVIL ACTION NO. 2:07cv443-TFM** |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Following administrative denial of her applications for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401 *et seq.*, and supplemental security income benefits under Title XVI of the Act, 42 U.S.C. §§ 1381 *et seq*, Shirley A. Clark ("Clark") appeared before an administrative law judge ("ALJ") who rendered an unfavorable decision. When the Appeals Council rejected review, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner"). Judicial review proceeds pursuant to 42 U.S.C. §§ 405(g) , 1383(c)(3), and 28 U.S.C. § 636 (c), and for reasons herein explained, the court AFFIRMS THE COMMISSIONER'S decision.

**I.   STANDARD OF REVIEW**

Judicial review of the Commissioner's decision to deny benefits is limited. The court cannot conduct a *de novo* review or substitute its own judgment for that of the

Commissioner. *Walden v. Schweiker*, 672 F.2d 835 (11th Cir. 1982). This court must find the Commissioner's decision conclusive "if it is supported by substantial evidence and the correct legal standards were applied." *Kelley v. Apfel*, 185 F. 3d 1211, 1213 (11th Cir. 1999), citing *Graham v. Apfel*, 129 F. 3d 1420, 1422 (11th Cir. 1997).

Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994).

## II.  ADMINISTRATIVE FINDINGS

Clark, age 59 at the time of the hearing, has a ninth grade education.  Clark's past relevant work includes employment as a sewing machine operator, fiberglass finisher, bow maker and laborer.  Her application documents claim she became disabled on August 15, 2004 from spondylosis of the cervical spine, hypertension, and problems sleeping.  She did not engage in substantial gainful work activity at any time relevant to her application period.

The ALJ found Clark was impaired by cervical spondylosis and hypertension, but not to the severity alleged.[1]  The ALJ found Clark had the residual functional capacity ("RFC") to perform light work activity, including some 1,600 separate sedentary and light unskilled occupations.[2]  The ALJ also found Clark could return to her past relevant work as a bow maker.[3]  Thus, the ALJ concluded Clark did not have any impairment or combination of impairments that meet or equal in severity any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  These findings regarding Clark's ability to work rendered her ineligible for disability benefits under the Act.

## III.  ISSUES

Clark raises four issues for judicial review:[4]

---

[1]R. at 19.

[2]R. at 19, 20-21.

[3]R. at 21.

[4]*See* Plaintiff's Brief ("Pl. Br.") at 11 (Doc. #12, filed September 28, 2007) *and* Order filed May 23, 2007 (Doc. #4) (directing Plaintiff to a brief in support of her claim(s) and to include in her brief a section titled "Statement of the Issues" which "shall state in a concise, and

1.    Whether the ALJ's RFC assessment considered the combinations of Clark's impairments, and was supported by substantial evidence.

2.    Whether the ALJ erred in his treatment of the treating physician's opinion.

3.    Whether the ALJ erred in his evaluation of Clark's testimony.

4.    Whether the ALJ's finding Clark could perform past relevant work was supported by substantial evidence.

## IV. DISCUSSION

### 1.    The ALJ's RFC assessment was supported by substantial evidence.

Clark argues the ALJ's RFC assessment was not supported by substantial evidence because it did not discuss the standing/walking components of light work, alleged nonexertional limitations, or the combination of impairments.  The Commissioner responds the RFC analysis was sufficient, and the decision demonstrates the ALJ considered Clark's impairments, singly and in combination.

The ALJ decision summarized Clark's hearing testimony, including past employment, medical conditions, pains, sleeping routines, and physical limitations in walking, lifting, bending, stooping, grasping, and writing.  The ALJ also summarized medical evidence which showed Dr. D. Bruce Woodham recommended surgery in 2003 to correct Clark's cervical spondylosis.  Clark chose not to undergo the surgery.[5]  Records from Dr. David Marsh, Clark's treating physician, showed treatment for hypertension and asthma, with a history of

_____

specific manner each issue which the plaintiff presents to the court for resolution").

[5]R. at 17-18, 98-99.

4

non-compliance with medication. Dr. Marsh completed a clinical assessment of pain and physical capacities evaluation which rated Clark's pain as extensive enough to distract from the adequate performance of daily activities or work, and indicated her medication carried severe side effects and would produce distraction, inattention, and drowsiness. Further, Dr. Marsh opined Clark could occasionally lift and/or carry 10 pounds, and frequently lift and/or carry five pounds, but could sit for only one hour during an 8-hour day, and never stand or walk.[6] The court notes these assessments were presented by Dr. Marsh on a check-type form which lacks narrative or analysis of the medical conditions at issue.

Next, the ALJ summarized the findings of Dr. Darshana Vyas, who performed a consultative examination of Clark. Dr. Vyas noted Clark's use of aspirin for pain, unmedicated hypertension, tenderness in Clark's muscoloskeletal system, and severely restricted range of motion, extension, flexion, and side to side movements.[7] In addition, Dr. Vyas' examination of Clark found no weakness in hand grips, clear lungs, normal range of motion in elbows, wrists and knees, and an ability to stand on heels and toes.[8] A final medical report from Dr. Peter Bertucci, a State Agency physician, found Clark could frequently lift and/or carry 10 pounds; sit, stand and/or walk for about 6 hours in an 8-hour day; with unlimited ability to user her hands and feet for pushing and pulling of arm and/or

---

[6]R. at 18, 157-58.

[7]R. at 18-19, 141-44.

[8]R. at 19, 141-44.

feet controls.[9]

The ALJ framed the primary issue in Clark's case as "the vast disparity between [her] subjective complaints and the medical evidence."[10]  Critical information as to Clark's RFC was provided during her hearing testimony.  The ALJ noted her abilities to perform household chores for short periods of time, to stand, walk and sit for 20 minutes at a time, and to cook and prepare meals.  He also cited the State Agency physician's finding Clark able to frequently lift and/or carry 10 pounds, and stand and/or walk for about 6 hours in an eight hour day.[11]  Having previously noted the absence of a credible medical opinion stating she could not work, the ALJ then determined Clark could perform light work.[12]  The ALJ acknowledged Dr. Marsh's opinion of Clark's severe pain and physical limitations, but explained he did not give the opinion controlling weight because the conclusions conflicted with Dr. Marsh's records and the evidence as a whole.[13]  The ALJ's treatment of Dr. Marsh's opinion and his credibility findings are discussed, *infra*, in Part IV.2.

Clark's activities were key to the ALJ's finding Clark able to perform light work.  The ALJ wrote her wide array of daily activities demonstrated her physical impairments were not

---

[9]R. at 19, 148-155.

[10]R. at 16.

[11]R. at 21.

[12]R. at 19, 21.

[13]R. at 19.

totally disabling.[14]  The ALJ noted no medical opinion other than Dr. Marsh's found Clark unable to work.[15]  Finally, the lack of hospitalization for Clark's conditions, and "lack of persistent and regular treatment" for the same were also considerations in the ALJ's finding Clark able to perform light work.[16]

Clark alleges the ALJ did not address the impact of nonexertional impairments  such as migraine headaches, dizziness, and shortness of breath.[17]  The ALJ did not specifically address these complaints beyond his statement finding Clark was not disabled by spondylosis, hypertension, or resulting symptoms.[18]  The ALJ did, however, find Clark did not have a medically determinable impairment or combination of impairments which precluded work, or met or equaled the listings in Appendix 1, Subpart P, Regulations No. 4.[19] Thus, the Commissioner argues, the record reflects the ALJ's consideration of the combined effect of these non-severe impairments.[20]  The court's review of the record and controlling precedent lead it to conclude that the ALJ fulfilled his obligation to properly consider Clark's combination of impairments.

---

[14]R. at 20.

[15]R. at 19.

[16]R. at 20.

[17]Pl. Br. at 12.

[18]R. at 19.

[19]R. at 17, 22.

[20]Def. Br. at 6.

7

The Eleventh Circuit has ruled that an ALJ's statement that a claimant's severe impairment, or combination of impairments, do not meet the listings in Appendix 1, Subpart P, Regulations No. 4, can be taken as evidence that the combined effects of all impairments was considered. *Wilson*, 284 F.3d at 1224-25; *see also Wheeler v. Heckler*, 784 F.2d 1073, 1076 (11th Cir. 1986). The ALJ's decision reflects his comparison of Clark's impairments, "singly or in combination," with the impairments listed in Appendix 1, Subpart P, Regulations No. 4. Therefore, the decision meets the demands set out by the Eleventh Circuit, which does not currently demand, as Clark contends, that an ALJ make "well-articulated findings as to the effect of the combination of impairments."[21]

**2.      The ALJ properly evaluated the treating physician's opinion.**

Clark argues the ALJ failed to properly evaluate the opinion of her treating physician, Dr. David Marsh. The Commissioner responds the ALJ's decision was supported by opinions and medical evidence submitted by other physicians.

A treating physician's opinion "must be given substantial or considerable weight unless 'good cause' is shown to the contrary.'" *Phillips v. Barnhart,* 357 F.3d 1232, 1240 (11th Cir. 2004), citing *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). "Good cause" is present where the "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.* at 1241, citing *Lewis.*

_____

[21]Pl. Br. at 12, citing *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1987).

When assessing medical evidence, an "ALJ [is] required to state with particularity the weight [given] the different medical opinions and the reasons therefor." *Sharfarz v. Bowen,* 825 F.2d 278, 279 (11th Cir.1987) (per curiam).  Social security regulations require an ALJ evaluating medical opinion evidence to consider a variety of factors, including the examining and treatment relationships, the specialization of the person giving the opinion, and how well the record supports the opinion in question. *See* 20 C.F.R. § 404.1527(d)(1)-(6).  "The weighing of evidence is a function of the factfinder, not of the district court. The question is not whether substantial evidence supports a finding made by the district court but whether substantial evidence supports a finding made by the Secretary." *Graham v. Bowen,* 790 F.2d 1572, 1575 (11th Cir. 1986).

Clark asserts the ALJ improperly ignored Dr. Marsh's opinion which was "[B]ased upon his extensive treatment relationship" with Clark.[22]  The record shows Clark's April 28, 2005 visit to Dr. Marsh's office for treatment was the single visit during the relevant application period.[23]  Clark testified she was always examined by an associate of Dr. Marsh.[24]  Such circumstances do not create an extensive treatment relationship entitled to deference under *Phillips*.  Dr. Marsh's opinion was reflected through pain assessment and physical capacities forms dated June 21, 2005, and the court notes neither document was completed

---

[22]Pl. Br. at 13.

[23]R. at 146, 192.

[24]R. at 192.

9

in conjunction with an actual physical examination of Clark.[25]  The opinions are check-type

forms which lacks narrative or analysis of the medical conditions at issue.  As the opinions

were not supported by objective medical findings, or detailing any physical problems as

could be expected in a medical report, they were "conclusory," and properly discounted by

the ALJ.  *Phillips* at 1240.  Clark directs the court's attention to treatment notes which

precede her application period as evidence of Dr. Marsh's restrictions upon her activity.[26]

The court's review of the document plainly shows it was authored by Dr. Bruce Woodham,

and discusses the surgical options concerning Clark's spondylosis.[27]  As noted earlier, the

physical capacities evaluation cited as additional evidence of Dr. Marsh's medical opinion

was not completed as part of an examination, and would not seem to carry the weight

accorded treating opinions under *Phillips*.[28]

Clark argues Dr. Marsh's opinion is supported by those of Drs. Woodham and Vyas.

While no discrepancies exist between the respective opinions as to the existence of

spondylosis and hypertension, there were no statements from these physicians limiting Clark

from engaging in virtually any physical activity.[29]  Further, Dr. Marsh's opinion regarding

Clark's physical abilities are belied by her daily activities, cited by the ALJ as support for his

---

[25]R. at 157-58.

[26]Pl. Br. at 14.

[27]R. at 99.

[28]R. at 158.

[29]R. at 19.

decision to reject the capacities statement at issue.[30]

The court finds the ALJ did not err in his treatment of Dr. Marsh's opinion regarding Clark's physical limitations, and substantial evidence in the record supported his decision to credit the opinions of Dr. Vyas and Dr. Bertucci, as well as the RFC findings drawn from those opinions.

### 3.    The ALJ Correctly Evaluated Clark's Allegations Of Pain In This Case

Clark argues the ALJ erred in his evaluation of Clark's testimony concerning the limitations imposed by her impairments, including her testimony regarding pain. The Commissioner responds that the ALJ properly considered the credibility of Clark's subjective complaints. The court agrees that the ALJ gave well-reasoned grounds for his rejection of Clark's allegations and testimony of disabling pain, and therefore, did not err in his evaluation of her pain. The five-step sequential analysis set forth in regulations require that a claimant prove that he is disabled. 20 C.F.R. § 404.1512; *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999).

The Eleventh Circuit has set forth its approved criteria for establishing a disability based on testimony of pain and other symptoms. It explained that

> a claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain. If the ALJ discredits subjective testimony, he must articulate

---

[30]R. at 19-20.

11

explicit and adequate reasons for doing so. Failure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (citations omitted). When evaluating a claim based on disabling subjective symptoms, the ALJ considers medical findings, a claimant's statements, statements by the treating physician and evidence of how the pain affects the claimant's daily activities and ability to work. 20 C.F.R. § 416.929(a). In addition, the ALJ in this case set forth several factors presented by the record which led him to find Clark able to work.

The ALJ found that Clark was severely impaired by spondylosis and hypertension.[31] These findings arose from record evidence showing that Clark was treated for spondylosis as early as 2003.[32] The ALJ summarized the medical evidence in Clark's record, and determined they did not meet or equal a listed impairment either singly or in combination.[33] The ALJ then proceeded to determine whether Clark could perform past relevant work, thus necessitating an assessment of her residual functional capacity. He found that Clark retained the exertional capacity to engage in light work activity, including all available sedentary jobs, and that she could perform her previous work as a bowmaker.[34]

---

[31]R. at 19, 22.

[32]R. at 17.

[33]R. at 22.

[34]R. at 21.

Clark's claim that her testimony was improperly considered by the ALJ is refuted by four key paragraphs in the ALJ's decision concerning Clark's credibility. "The decision concerning the plaintiff's credibility is a function solely within the control of the Commissioner and not the courts." *Sellers v. Barnhart*, 246 F.Supp.2d 1201, 1213 (M.D. Ala. 2002). The ALJ cited Clark's testimony regarding her ability to engage in several daily activities such as personal care, cooking, and shopping, to show her physical impairments are not totally disabling. The ALJ further noted the findings from Clark's clinical examinations "have often been found to be normal or minimally abnormal, and the objective diagnostic evidence of record has been sparse." The ALJ further found no physical impairment which Clark could not alleviate or control with the proper and regular use of prescriptions, and no evidence of difficulty with side effects therefrom. Finally, the ALJ noted the "paucity of medical evidence in this case," and an "overall lack of persistent and regular treatment . . . ." [35] Essentially, the ALJ followed the second prong of the *Wilson* test to determine the record did not contain medical signs or laboratory findings which could be reasonably expected to produce the pain alleged. *Wilson, id*. Clark demonstrated the underlying medical conditions required under *Wilson*, but did not show objective medical evidence confirming the severity of the alleged pain, or show the medical conditions could produce the pain alleged during her administrative hearing.

The ALJ's decision provided specific reasons for discrediting Clark's subjective

---

[35]R. at 20.

testimony. *Id.; see also Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995) (a clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed ).  Additionally, the court notes Clark reported to Dr. Vyas that she used non-prescription aspirin for her pain, and testified to the same during her hearing.[36]  *See Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (citing claimant's lack of consistent complaints, treatment, or use of pain medication in affirming ALJ's conclusion that "pain standard" was not met); *see also Watson v. Heckler*, 738 F.2d 1169, 1172-73 (11th Cir. 1984) (noting that, when considering allegations of pain, an ALJ must weigh the overall record, including frequency of treatment, use of medications, and conflicting statements).

This statement of explicit reasons for the ALJ's rejection of Clark's subjective testimony of pain and disability satisfy the requirements in the Eleventh Circuit, and the ALJ cited substantial evidence for his decision on this issue.  The record shows that Clark's subjective complaints of pain did not support a finding that she was disabled, or even that she was unable to perform her past relevant work.  Thus, she  failed to meet her burden of proof, and the court finds no reversible error on this issue.

4.    **The ALJ's  finding Clark able to return to her past relevant work was not error in light of the record before him, and he therefore did not commit reversible error.**

Clark's final issue argues the ALJ did not adequately develop the physical demands of her previous work as a bowmaker.  The Commissioner responds the work requirements

---

[36]R. at 18, 142, 197.

were sufficiently contained in the record, and were not inconsistent with the ALJ's RFC decision.  "A diagnosis alone is an insufficient basis for a finding that an impairment is severe.  The severity of a medically ascertained impairment must be measured in terms of its effect upon ability to work and not simply in terms of deviation from purely medical standards of bodily perfection or normality."  *Sellers, id.* at 1211, citing *McCruter v. Bowen*, 791 F.2d 1544 1547 (11th Cir. 1986).

Clark's very brief claim on this issue asserts the ALJ's decision lacked substantial evidence to support his finding her able to resume work as a bowmaker.  However, Clark does not explain which aspects of bowmaking lay beyond her abilities.  The court reviewed Clark's argument regarding the alleged flaws in the ALJ's RFC determination, and assumes the same complaints for purposes of this issue.[37]  Clark testified her work as a bowmaker required her to straighten chicken wire and then insert the wire into presewn fabric.[38]  She reported the job required her to lift "20 pieces of chicken wire . . . get the material and put the chicken wire in it," and these tasks entailed walking and stooping for eight hours a day.[39]  Clark has not countered the ALJ's RFC finding her able to perform light and unskilled work, and has not demonstrated how her condition prevents her from performing this work.  *Sellers, id.*  "Adequate documentation of past work includes factual information about

---

[37]Pl. Br. at 12.

[38]R. at 190.

[39]R. at 66.

15

those work demands which have a bearing on the *medically established* limitations."

*Davison v. Halter*, 171 F.Supp.2d 1282, 1285 (S.D. Ala. 2001), quoting SSR-82-62.  As

discussed above in Part IV., 1., the record in Clark's case does not demonstrate she is

impaired such that she cannot perform the work she described.  Therefore, the Court finds

the record itself contained a sufficient description of the bowmaker occupation, and the ALJ

did not err in finding Clark able to perform those duties.

## V.  CONCLUSION

Pursuant to the findings and conclusions detailed in this *Memorandum Opinion*, the

court concludes that the ALJ's non-disability determination is supported by substantial

evidence and proper application of the law.  It is, therefore, **ORDERED** that the decision of

the Commissioner is **AFFIRMED.**   A separate judgment is entered herewith.

Done this 2nd day of January, 2008.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE


16